IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Robert Syvertson, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Critical Resolution Mediation, LLC; and DOES 1-10, inclusive, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Robert Syvertson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Robert Syvertson ("Plaintiff"), is an adult individual residing in Conucil Bluff, Iowa, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Critical Resolution Mediation, LLC ("Critical"), is a Georgia business entity with an address of 6500 McDonough Drive Suite C-2, Norcross, Georgia 30093, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Critical and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Critical at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Critical for collection, or Critical was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Critical Engages in Harassment and Abusive Tactics

12. In or around November 2014, Critical began calling Plaintiff's cellular telephone, number 402-XXX-3989, and work telephone, number 712-XXX-6863.

13. Critical called Plaintiff from telephone numbers 213-223-6840 and 972-449-0470.

14. In or around December 2014, Plaintiff told Critical that he could not get called at work and that the calls from Critical put him at risk of being fired.

15. In response to Plaintiff's above statement, a Collector from Critical told Plaintiff that they had the right to call Plaintiff to collect the Debt.

16. Thereafter, Critical continued to call Plaintiff's place of employment.

17. Additionally, Critical called Plaintiff at an annoying and harassing rate, placing up to four calls daily.

18. Moreover, Critical failed to send Plaintiff written correspondence regarding Plaintiff's rights as provided by the FDCPA.

### C. Plaintiff Suffered Actual Damages

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

32. The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

33. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

34. The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

35. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 2, 2015

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Robert Syvertson
LEMBERG LAW L.L.C.
1100 Summer Street, Third Floor
Stamford, CT 06905
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com